Robert J. Basil, Esq. (NJ Attorney Id. No. 025721988)
**The Basil Law Group, P.C.**
1270 Broadway, Suite 305
New York, NY 10001
(917) 512-3066
(831) 536-1075 (Fax)
Attorneys for Plaintiffs Young Man Kim and KKR Partners, Inc.

Neil Grossman (NJ Attorney Id. No. 013641995)
Bronstein Gewirtz & Grossman, LLC
144 N. Beverwyck Road, # 187
Lake Hiawatha, New Jersey 07034
Telephone: (973) 335-6409
Telecopier: (973) 335-3717
Attorneys for Plaintiff Kenneth Rhee a/k/a Kun Y Rhee

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOUNG MAN KIM, KENNETH RHEE a/k/a KUN Y RHEE, KKR PARTNERS, INC., individually, and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>M&T BANK,<br><br>                    Defendant. | Case No. 17- **11810**<br><br>.<br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiffs Young Man Kim ("Kim"), KKR Partners, Inc. ("KKR"), and Kenneth Rhee ("Rhee") (jointly, "Plaintiffs"), bring this action, by and through their above-stated counsel, The Basil Law Group, P.C., and Bronstein, Gerwirtz & Grossman, LLC, individually, and on behalf of all others similarly situated, against Defendant, M&T Bank, and allege as follows:

## INTRODUCTION

1.   This action is commenced by Plaintiffs, on behalf of themselves and a class of persons and entities, to address and seek relief based upon deceptive and dishonest trade practices undertaken in the State of New Jersey by M&T Bank, a New York banking institution licensed to undertake banking business in the State of New Jersey.

2.   The central claim in this case is that M&T Bank, with regard to the named Plaintiffs in particular, and with regard to M&T Bank's customers who are residents of New Jersey in general, used deceptive trade practices to induce Plaintiffs to enter into loan and related agreements, including personal guarantees, with inferior terms to those available at any other bank operating in New Jersey.

3.   The acts of M&T Bank described in this Complaint demonstrate that M&T Bank secretly intended to force all New Jersey borrowers and guarantors to litigate all disputes related to any New Jersey M&T Bank loans in Buffalo, New York, using M&T Bank's own, deceptive form loan documents, thereby misleading New Jersey borrowers into believing that all such litigation would be undertaken in their home state, *i.e.,* New Jersey.

4.   The primary purpose of M&T Bank's secret intention, to force all New Jersey borrowers and guarantors to litigate all disputes related to any New Jersey M&T Bank loans in Buffalo, New York, was to increase dramatically the cost of litigation to New Jersey residents and to reduce dramatically the costs of litigation to M&T Bank, all of which would impose an unfair litigation disadvantage upon New Jersey borrowers and guarantors, and thereby secretly to impose upon New Jersey resident loan terms inferior to those available at any other New Jersey banking institution.

5.  In the individual cases of Kim and Rhee, New Jersey residents with no connection to the State of New York except for their M&T Bank loan obligations, and KKR, a New Jersey corporation with no connection to the State of New York except for its M&T Bank loan, M&T Bank sued each of them in Buffalo, New York, and, upon becoming aware that Plaintiffs contested personal jurisdiction, refused to withdraw its cases in Buffalo and to move the disputes to New Jersey.

6.  In addition, M&T Bank, upon receiving Kim's filed motion to contest personal jurisdiction, refused to waive oral argument so that Kim would have to incur, and did incur, the expenses of his attorney's travel and hotel, along with hourly attorney charges, to have his position heard.

7.  M&T Bank's purpose for these actions was to compel Plaintiffs to settle unfavorably in the Buffalo, New York, forum or to default so collection activities could later commence in New Jersey using an unfairly obtained New York Supreme Court judgment, obtained through these deceptive trade practices.

## THE PARTIES

8.  Plaintiff Kim is an individual residing in the state of New Jersey at 218 Beech Court, Norwood NJ 07648.

9.  Plaintiff Rhee is an individual residing in the state of New Jersey at 224 Mulberry Place, Ridgewood, NJ 07450.

10. KKR Partners, Inc., is a New Jersey corporation with a corporate address at 725 River Road, Suite 5, Edgewater NJ 07020.

11. M&T Bank is a New York chartered banking institution licensed to do business in many branches within the State of New Jersey, and maintaining several branches in New Jersey for

the purpose of soliciting and conducting banking business with New Jersey residents, including

Plaintiffs.

## JURISDICTION AND VENUE

12. Pursuant to 28 USC 1332(a)(1) and 1332(a)(2), this court has subject matter jurisdiction over this action because each Plaintiff is diverse from Defendant and the amount in controversy against Defendant for each defendant exceeds $75,000, exclusive of interest and costs.

13. This Court has personal jurisdiction over defendant M&T Bank, as it undertook substantial business in New Jersey, including the transactions at issue here, undertook promotional activities within New Jersey regarding its services rendered related to this action, engaged in personal communications with Plaintiffs and related entities and persons related to the banking services and events at issue, committed the wrongful acts alleged in this Complaint, with their negative effects being suffered by Plaintiffs within the State of New Jersey, and undertook these wrongful acts with knowledge that any damages or injuries suffered would be suffered by Plaintiffs within the State of New Jersey.

14. Venue is proper pursuant to 28 USC 1391, as all Plaintiffs are residents of the State of New Jersey, M&T Bank maintains several places of business in this District, many events underlying these claims took place in this District, and several witnesses reside within this District.

## FACTUAL BACKGROUND

15. On or about February 15, 2006, Kim, Rhee, and Sei-Jun Park formed KKR and each acquired 33.33% ownership interests.   The purpose of KKR was to own and operate one or more dry-cleaning establishments.

16. During the course of KKR's operations, Rhee and Kim were shareholders.

4

17. On about November 2013, Plaintiffs, Rhee, Kim, and KKR, after being solicited through various promotional efforts by M&T Bank in New Jersey, decided to apply for a business loan at a New Jersey branch of M&T Bank.

18. On December 6, 2013, KKR executed a form M&T Bank "Term Note" (Exhibit A) which set out the terms of a $150,000 loan from M&T Bank, which eventually issued in that amount.

19. Nowhere in that "Term Note" did M&T Bank indicate that in the event of litigation, M&T Bank would require KKR, Rhee, or Kim to litigate in Buffalo, New York, as was M&T Bank's secret intention.

20. The only mention in the "Term Note" of a place for litigation was the following: "The Borrower irrevocably submits to the nonexclusive jurisdiction of any Federal or state court siting in New Jersey, over any suit, action or proceeding arising out of or relating to this Note.  The Borrower irrevocably waives, to the fullest extent it may effectively do so under applicable law, any objection it may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in any such court and any claim that the same has been brought in an inconvenient forum."

21. In reliance upon the terms of the "Term Note" and having been led to believe that any litigation related to the "Term Note" would be venued in New Jersey, and certainly not in Buffalo, New York, Rhee and Kim executed the "Term Note" on behalf of KKR.

22. Had Rhee and Kim known of M&T Bank's secret intention to force them to litigate any claims related to the "Term Note" in Buffalo, New York, neither Rhee nor Kim would have executed this "Term Note" on behalf of KKR and the loan to KKR would not have issued.

23. On December 6, 2013, Rhee and Kim, on behalf of KKR, also executed an M&T Bank form "Business Access Line of Credit Note" (Exhibit B) containing identical jurisdictional and litigation forum provisions as the "Term Note" and no other such provisions.

24. Had Rhee and Kim known of M&T Bank's secret intention to force them to litigate and claims related to the "Business Access Line of Credit Note" in Buffalo, New York, neither Rhee nor Kim would have executed this "Business Access Line of Credit Note" and the loan to KKR would not have issued.

25. On December 6, 2013, Rhee and Kim, on behalf of KKR, also executed an M&T Bank form "Loan Agreement" containing identical jurisdictional and forum provisions as the "Term Note."

26. Had Rhee and Kim known of M&T Bank's secret intention to force them to litigate and claims related to the "Loan Agreement" in Buffalo, New York, neither Rhee nor Kim would have executed this "Loan Agreement" and the loan to KKR would not have issued.

27. On December 6, 2013, Kim also executed an M&T Bank form "Unlimited Guarantee" (Exhibit C) in which Kim and Rhee promised to guarantee the payment of KKR's loan to M&T Bank.

28. The only mention in the "Unlimited Guarantee" of a place for litigation was the following: "Guarantor irrevocably submits to the nonexclusive jurisdiction of any Federal or state court siting in New Jersey, over any suit, action or proceeding arising out of or relating to this Guarantee.  Guarantor irrevocably waives, to the fullest extent it may effectively do so under applicable law, any objection it may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in any such court and any claim that the same has been brought in an inconvenient forum."

29. After the loan went into default, M&T Bank filed suit against KKR, Rhee, and Kim in Buffalo, New York, in the Supreme Court of New York, Erie County (the "Initial Loan Action").

30. While KKR and Rhee raised a defense of lack of personal jurisdiction in the Initial Loan Action, due to lack of funds available for defense these parties lost their challenge and judgment was entered against them for the amount of the outstanding debt, plus attorney's fees and costs, in the amount of $150,458.89, on January 18, 2017.

31. As a result of the entry of judgment for $150,458.89 against Rhee, Rhee filed for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.

32. In a strategic decision, M&T Bank chose not to serve Kim with the complaint in the Initial Loan Action, so as to divide the resources available to the joint defendants to oppose the Initial Loan Action.

33. Having obtained its Buffalo, New York judgment in the Initial Loan Action in the amount of $150,458.89, unfairly against KKR and Rhee, M&T Bank next turned its attention to Kim.

34. M&T Bank sued Kim in a separate guarantee action (the "Guarantee Action") for the entire amount of the KKR/Rhee judgment, those parties having not made any payment.

35. The Guarantee Action against Kim was filed in Buffalo, New York in the Supreme Court of New York, Erie County.

36. The Guarantee Action was filed separately by M&T Bank from the Initial Loan Action so that the defendants could not share lawyers and expenses, and thereby mount a more economic, joint defense.

37. When counsel for Kim contacted M&T Bank's counsel to object to jurisdiction and venue in Buffalo, New York, and to request a New Jersey forum, such request was rejected by M&T Bank's counsel.

38. "Divide and conquer" was M&T's unfair *modus operandi* throughout.

39. Kim then filed a motion to dismiss the case based upon the lack of personal jurisdiction over Kim, as well as an inconvenient forum.

40. In response, M&T Bank's counsel argued to the Court that Kim had waived any defense to personal jurisdiction under the terms of M&T Bank form "Unlimited Guarantee" and also that by virtue of M&T Bank's relating to Kim that it was a New York Bank, Kim had somehow irrevocably subjected himself to the jurisdiction of the New York courts in general, and the Buffalo forum in particular.

41. Kim had never been informed of these jurisdictional and venue claims before they were relayed to him by his litigation counsel, and certainly not before executing his M&T Bank form "Unlimited Guarantee" or any loan documents.

42. When Kim's litigation counsel, who practices in the Northern New Jersey and New York City area, asked M&T Bank's counsel "as a courtesy" if M&T Bank would waive oral argument on the personal jurisdiction motion, M&T Bank refused, as its goal was to increase the cost of litigation to such an extent that Kim would be unfairly forced to incur many times the litigation cost of M&T Bank in resolving the jurisdictional issue before the Court.

43. As a result of the foregoing, Plaintiffs were each injured in the amount of the judgment sought to be enforced against him by M&T Bank, in addition to the costs of suit and attorney's fees expended, as well as the excessive travel and hotel costs incurred by Kim's counsel in litigating this matter in Buffalo, New York.

44. When the Supreme Court of New York, Erie County, reviewed Kim's motion to dismiss for lack of jurisdiction in opposition to M&T Bank's claim that its forum selection clause in Kim's guarantee imposed such personal jurisdiction, the Supreme Court noted that "where there is a clear showing that [the forum selection clause] is unreasonable, such as where there's fraud or an overreaching, the clause is unenforceable."  (Exhibit D).

45. After reviewing M&T Bank's own forum selection clause in Kim's guarantee, the Court held that, "This Court finds such language is ambiguous and overreaching and that the parties did not agree to a specific jurisdiction or specific court."

46. As a result of these findings against M&T Bank, the Supreme Court held that Kim's "motion to dismiss for lack of personal jurisdiction is granted and the case is dismissed."

## CLASS ACTION ALLEGATIONS

47. Plaintiffs bring this suit individually and as a class action on behalf of themselves and on behalf of all others similarly situated pursuant to Federal Rules of Civil Procedure, Rule 23(a), 23(b)(2) and 23(b)(3).  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the provisions of Rule 23.

48. Plaintiffs seek to represent the following Class:

> All persons and entities residing in the State of New Jersey who entered into any loan or guarantor agreement with M&T Bank and who were not informed of M&T Bank's intent to file suit in New York and/or Buffalo in the event of a dispute.

49. *Numerosity*.  Members of the Class are so numerous that joinder of all members individually is impracticable.  While the exact number of Class members remains unknown at this time, upon information and belief, there are thousands of putative Class members.

50. **Commonality**.   This action involves common issues of law and fact, which predominate over any issues affecting individual Class members.  These common issues of law and fact include, but are not limited to, the following:

    a.   Whether M&T Bank engaged in the conduct alleged herein;

    b.   Whether M&T Bank violated the New Jersey Consumer Fraud Act through its conduct as alleged herein;

    c.   Whether M&T Bank's conduct, as alleged herein, constituted negligence or gross negligence, equitable fraud, fraud in the inducement or negligent misrepresentation;

    d.   Whether Plaintiffs and other Class members are entitled to equitable remedies including rescission, restitution or unjust enrichment; and

    e.   Whether Plaintiffs and other Class members are entitled to recover compensatory damages as a result of M&T Bank's conduct as alleged herein.

51. **Typicality**.   Plaintiffs' claims are typical of those of the putative Class because, *inter alia*, all members of the Class were injured through the common misconduct described above and are entitled to the protections of the New Jersey Consumer Fraud Act and the above-named common law claims.

52. **Adequacy of Representation**.   Plaintiffs will fairly and adequately represent and protect the interests of the Class in that they have no conflicts of interest to those of the Class. Plaintiffs have retained New Jersey counsel experienced in class action and commercial litigation.

53. **Superiority**.   The class litigation is an appropriate method for fair and efficient adjudication of the claims involved.  Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class members to prosecute their common claims in a single forum

simultaneously, efficiently and without unnecessary duplication of evidence, effort and expense. Class treatment will allow adjudication of relatively modest claims by certain Class members, who could not individually afford to litigate claims against M&T Bank.

54. Plaintiffs do not anticipate any difficulty in the management of the litigation.

## COUNT I

## VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

55. Plaintiffs and the Class incorporate all of the allegations contained other paragraphs of this Complaint as if fully set forth herein.

56. Kim, Rhee, KKR and all class members are "persons" as defined by N.J.S.A. 56:8-1(d).

57. M&T Bank is a "person" as defined by N.J.S.A. 56:8-1(d).

58. Banking services as supplied by M&T Bank to Plaintiffs are "merchandise" as defined by N.J.S.A. 56:8-1(c).

59.  The loans supplied by M&T Bank were "sales" as defined by N.J.S.A. 56:8-1(e).

60. Accordingly, under the facts alleged in this complaint, Plaintiffs are consumers entitled to the protection and remedies provided for by N.J.S.A. 56:8-1, et seq. and M&T Bank is a person subject to all of the remedies available to Plaintiffs under N.J.S.A. 56:8-1.

61. M&T Bank and its agents, employees, attorneys and representatives engaged in unconscionable commercial practices, deception, fraud, false pretense, false promise or misrepresentation toward each Plaintiff and Class member, as described in this Complaint.

62. M&T Bank knowingly concealed, suppressed or omitted at least one material fact from plaintiffs and Class members, *i.e.,* that M&T Bank was secretly intending to force Plaintiffs and all Class members to litigate all loan and guarantee matters in Buffalo, New York.

63. Plaintiffs and Class members reasonably relied upon the aforesaid concealment and/or omissions of material fact to their detriment by executing, *inter alia,* the Loan Documents and entering into the various related loan documents.

64. Each of the aforesaid misrepresentations were material to the transactions at issue.

65. As a result of M&T Bank's misconduct, each Plaintiff and individual Class member sustained an ascertainable loss capable of being calculated with a reasonable degree of certainty.

66. In light of the aforesaid, M&T Bank (through its employees and agents) violated N.J.S.A. 56:8-1, et seq.

67. Prior to filing this suit, Kim propounded a demand upon M&T Bank to all Plaintiffs make Plaintiffs whole and M&T Bank declined to comply.

68. Plaintiffs bring this action pursuant to N.J.S.A. 56:8-19 and in accordance therewith, seek statutory treble damages, attorney's fees, filing fees and court costs.

**WHEREFORE**, Plaintiffs and the Class demand judgment against M&T Bank for:

(1) Compensatory and rescissory damages;

(2) The remedies provided for under any statutes pled herein, including but not limited to treble damages pursuant to N.J.S.A. 56:8-19, recovery of ascertainable losses for loss of money and/or property pursuant to N.J.S.A. 56:8-19, a refund of all moneys acquired by means of any practice declared unlawful as permitted by N.J.S.A. 56:8-2.11-12, all statutory/equitable remedies afforded by N.J.S.A. 56:8-1, et seq. and/or the remedies afforded equitable fraud victims under the common law and/or pursuant to N.J.S.A. 2A:32-1, et seq.;

(3) Rescission of all Loan Documents and Unlimited Guarantee and, with respect to the Class members, rescission of all similar M&T Bank loan documents and guarantees;

(4) Any other applicable consequential, incidental, nominal and expectation damages;

(5) A declaration that all loan agreements and guarantees subject to this Count entered into by Plaintiffs and Class members are void and have no legal effect; and

(6) Lawful interest, attorney's fees, filing fees court costs and such other and further relief as the court shall deem equitable and just.

## COUNT II

## NEGLIGENCE/GROSS NEGLIGENCE

69. Plaintiffs and the Class incorporate the other paragraphs of this Complaint as if fully set forth herein.

70. M&T Bank knew or should have known that each Plaintiff and Class member was likely to suffer economic harm in the event that M&T Bank failed to take reasonable measures to inform each Plaintiff of its secret plan to have each Plaintiff and related persons and entities litigate all New Jersey loan matters in Buffalo, New York.

71. As a result of M&T Bank's failure to take reasonable measures to inform each Plaintiff and Class member of its secret plan, M&T Bank caused each Plaintiff and Class member to enter unknowingly into an unfavorable loan with unfavorable terms that were inferior to those offered by any competing New Jersey Bank.

72. All losses and damages suffered by each Plaintiff and Class member were proximately caused by M&T Bank's negligence or gross negligence, as described above.

73. As a result of M&T Bank's negligence and gross negligence related to each Plaintiff and Class member, M&T Bank is liable to each Plaintiff and Class member for all amounts claimed and other relief sought in this Complaint.

**WHEREFORE**, Plaintiffs and the Class demand judgment against M&T Bank for:

13

(1) Compensatory and rescissory damages;

(2) The remedies provided for under any statutes pled herein, including but not limited to treble damages pursuant to N.J.S.A. 56:8-19, recovery of ascertainable losses for loss of money and/or property pursuant to N.J.S.A. 56:8-19, a refund of all moneys acquired by means of any practice declared unlawful as permitted by N.J.S.A. 56:8-2.11-12, all statutory/equitable remedies afforded by N.J.S.A. 56:8-1, et seq. and/or the remedies afforded fraud victims under the common law and/or pursuant to N.J.S.A. 2A:32-1, et seq.;

(3) Rescission of all Loan Documents and Unlimited Guarantee and, with respect to the Class members, rescission of all similar M&T Bank loan documents and guarantees;

(4) Any other applicable consequential, incidental, nominal and expectation damages;

(5) A declaration that all loan agreements and guarantees subject to this Count entered into by Plaintiffs and Class members are void and have no legal effect; and

(6) Lawful interest, attorney's fees, filing fees court costs and such other and further relief as the court shall deem equitable and just.

## COUNT III

## COMMISSION OF COMMON LAW EQUITABLE FRAUD

74. Plaintiffs and the Class incorporate all of the allegations contained in the other paragraphs of this Complaint as if fully set forth herein.

75. M&T Bank made certain misrepresentations and/or omissions of presently existing or past material fact to each Plaintiff and Class member with regard to the transactions at issue. Specifically, those misrepresentations included, but are not necessarily limited to, those related to jurisdiction and venue for any litigation ensuing from the Loan or Unlimited Guarantee, or comparable loan documents and guarantees executed by the Class members.

76. M&T Bank knew or should have known that these omissions of facts to be material, crucial to the decision of each Plaintiff and Class member to enter into the Loan agreement, Unlimited Guarantee and similar loan documents, and that each Plaintiff and Class member would be relying upon M&T Bank to disclose the true facts so that each Plaintiff and Class member could protect itself from M&T Bank's unfair business practices.

77. Each Plaintiff and Class member reasonably relied upon the aforesaid misrepresentations and/or omissions of material facts to thier detriment.

78. As a result of the aforesaid misconduct by M&T Bank, each Plaintiff and Class member suffered damages.

79. Said conduct on M&T Bank's part constitutes the commission of equitable fraud against Plaintiffs and Class members.

**WHEREFORE**, each Plaintiff and Class member demands judgment against M&T Bank for:

(1) Compensatory and rescissory damages;

(2) The remedies provided for under any statutes pled herein, including but not limited to treble damages pursuant to N.J.S.A. 56:8-19, recovery of ascertainable losses for loss of money and/or property pursuant to N.J.S.A. 56:8-19, a refund of all moneys acquired by means of any practice declared unlawful as permitted by N.J.S.A. 56:8-2.11-12, all statutory/equitable remedies afforded by N.J.S.A. 56:8-1, et seq. and/or the remedies afforded equitable fraud victims under the common law and/or pursuant to N.J.S.A. 2A:32-1, et seq.;

(3) Rescission of the Loan and Unlimited Guarantee and, with respect to the Class members, rescission of all similar M&T Bank loan documents and guarantees;

(4) Any other applicable consequential, incidental, nominal and expectation damages;

(5) A declaration that all loan agreements and guarantees subject to this Count entered into by Plaintiffs and Class members are void and have no legal effect; and

(6) Lawful interest, attorney's fees, filing fees court costs and such other and further relief as the court shall deem equitable and just.

## COUNT IV

## COMMISSION OF FRAUD IN THE INDUCEMENT

80. Plaintiffs and the Class incorporate all of the allegations contained in the other paragraphs in this Complaint as if fully set forth herein.

81. M&T Bank made certain misrepresentations and/or omissions of presently existing or past material fact to each Plaintiff and Class member with regard to the transactions at issue. Specifically, those misrepresentations included, but are not necessarily limited to, those related to jurisdiction and venue for any litigation ensuing from the Loan or Unlimited Guarantee.

82. M&T Bank's misrepresentations and/or omissions or fact were made knowing that the representations were false.

83. M&T Bank made its misrepresentations and/or omissions of fact with an intent that each Plaintiff and Class member would rely upon the misrepresentations and/or omissions.

84. Each Plaintiff and Class member reasonably relied upon the aforesaid misrepresentations and/or omissions to its detriment.

85. As a result of the aforesaid misconduct by M&T, each Plaintiff and Class member suffered damages.

86. Such conduct on M&T's part constitutes the commission of fraud in the inducement against

Plaintiffs and each Class member.

**WHEREFORE**, each Plaintiff and each Class member demands judgment against M&T Bank for:

(1) Compensatory and rescissory damages;

(2) The remedies provided for under any statutes pled herein, including but not limited to treble damages pursuant to N.J.S.A. 56:8-19, recovery of ascertainable losses for loss of money and/or property pursuant to N.J.S.A. 56:8-19, a refund of all moneys acquired by means of any practice declared unlawful as permitted by N.J.S.A. 56:8-2.11-12, all statutory/equitable remedies afforded by N.J.S.A. 56:8-1, et seq. and/or the remedies afforded equitable fraud victims under the common law and/or pursuant to N.J.S.A. 2A:32-1, et seq.;

(3) Rescission of the Loan and Unlimited Guarantee and, with respect to the Class members, rescission of all similar M&T Bank loan documents and guarantees;

(4) Any other applicable consequential, incidental, nominal and expectation damages;

(5) A declaration that all loan agreements and guarantees subject to this Count entered into by Plaintiffs and Class members are void and have no legal effect; and

(6) Lawful interest, attorney's fees, filing fees court costs and such other and further relief as the court shall deem equitable and just.

## COUNT V

## NEGLIGENT MISREPRESENTATION

87. Plaintiffs and the Class incorporate all of the allegations contained in the other paragraphs in this Complaint as if fully set forth herein.

88. The aforementioned misconduct and repercussions establish the elements of the tort of

negligent misrepresentation.

**WHEREFORE**, each Plaintiff and Class member demands judgment against M&T Bank for:

(1) Compensatory and rescissory damages;

(2) The remedies provided for under any statutes pled herein, including but not limited to treble damages pursuant to N.J.S.A. 56:8-19, recovery of ascertainable losses for loss of money and/or property pursuant to N.J.S.A. 56:8-19, a refund of all moneys acquired by means of any practice declared unlawful as permitted by N.J.S.A. 56:8-2.11-12, all statutory/equitable remedies afforded by N.J.S.A. 56:8-1, et seq. and/or the remedies afforded equitable fraud victims under the common law and/or pursuant to N.J.S.A. 2A:32-1, et seq.;

(3) Rescission of the Loan and Unlimited Guarantee and, with respect to the Class members, rescission of all similar M&T Bank loan documents and guarantees;

(4) Any other applicable consequential, incidental, nominal and expectation damages;

(5) A declaration that all loan agreements and guarantees subject to this Count entered into by Plaintiffs and Class members are void and have no legal effect; and

(6) Lawful interest, attorney's fees, filing fees court costs and such other and further relief as the court shall deem equitable and just.

**COUNT VI**

**UNJUST ENRICHMENT**

89. Plaintiffs and the Class incorporate all of the allegations contained in the other paragraphs in this Complaint as if fully set forth herein.

90. The aforementioned misconduct and repercussions establish the elements of unjust

enrichment.

**WHEREFORE**, each Plaintiff and Class member demands judgment against M&T Bank for:

(1) Compensatory and rescissory damages;

(2) The remedies provided for under any statutes pled herein, including but not limited to treble damages pursuant to N.J.S.A. 56:8-19, recovery of ascertainable losses for loss of money and/or property pursuant to N.J.S.A. 56:8-19, a refund of all moneys acquired by means of any practice declared unlawful as permitted by N.J.S.A. 56:8-2.11-12, all statutory/equitable remedies afforded by N.J.S.A. 56:8-1, et seq. and/or the remedies afforded equitable fraud victims under the common law and/or pursuant to N.J.S.A. 2A:32-1, et seq.;

(3) Rescission of the Loan and Unlimited Guarantee and, with respect to the Class members, rescission of all similar M&T Bank documents and guarantees;

(4) Any other applicable consequential, incidental, nominal and expectation damages;

(5) A declaration that all loan agreements and guarantees subject to this Count entered into by Plaintiffs and Class members are void and have no legal effect; and

(6) Lawful interest, attorney's fees, filing fees court costs and such other and further relief as the court shall deem equitable and just.

## ADDITIONAL PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and Class members, respectfully request that this Court:

     A.      Issue an order certifying the Class as defined above;

     B.      Appoint Plaintiffs as representatives of the Class and their counsel as Class

counsel;

C.      Award reasonable attorneys' fees and costs; and

D.      Grant such further relief that this Court deems appropriate.

THE BASIL LAW GROUP. P.C.

At*torneys for Plaintiffs Young Man Kim and KKR Partners, Inc.*

By: ___/s Robert J. Basil_____
         Robert J. Basil

BRONSTEIN GEWIRTZ & GROSSMAN, LLC

*Attorneys for Plaintiff, Kenneth Rhee a/k/a Kun Y Rhee.*

By: ___/s Neil Grossman_____
         Neil Grossman

Dated:  November 17, 2017

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues raised herein so triable under law.


THE BASIL LAW GROUP. P.C.

At*torneys for Plaintiffs Young Man Kim and KKR Partners, Inc.*


By: ___/s Robert J. Basil_____
        Robert J. Basil

BRONSTEIN GEWIRTZ & GROSSMAN, LLC

*Attorneys for Plaintiff, Kenneth Rhee a/k/a Kun Y Rhee.*


By: ___/s Neil Grossman_____
        Neil Grossman

Date: November 17, 2017